# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JARRELL JAWAN PULLEN,      )
No. 201003951,      )
     )
        Petitioner,      )
     )     **Case No. 19-cv-01023-SMY**
vs.      )
     )
ST. CLAIR COUNTY JAIL,      )
     )
        Defendant.      )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jarrell Jawan Pullen was convicted of two counts of first-degree murder and four counts of aggravated discharge of a firearm in Jackson County, Illinois in May 2019. *People v. Pullen*, Case No. 2017-CF-106 (1st Judicial Circuit). He was confined at the Jackson County Jail awaiting sentencing at the time he filed his petition under 28 U.S.C. § 2254 challenging his conviction. A motion filed in January 2020 indicates that he remains detained in that Jail. (Doc. 6).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that this action must be dismissed.

Pullen challenges the credibility of the witnesses, the validity of a lineup, the strength of the evidence, and the effectiveness of his counsel. However, he cannot challenge his conviction

via a § 2254 petition at this time because he has not exhausted his state remedies. Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

Additionally, the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971) directs that, absent special circumstances, this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here.

Pullen has not yet been sentenced. The electronic docket[1] in the state case indicates that he has a pending motion for new trial and a case management conference is scheduled for April 6, 2020. The state case is clearly pending, and the Court finds no special circumstances warranting federal interference in that case. Accordingly, the Petition shall be dismissed without prejudice to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state court.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Furthermore, the Court finds no basis for a determination that its decision is debatable or

---

[1] The state court record is publicly available at https://www.judidi.com.

incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal of his petition, Petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**